# EXHIBIT A

Case 2:23-cv-06150-EK-ARL   Document 1-1   Filed 08/15/23   Page 2 of 14 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------x
ATD TECHNOLOGY LLC and MERZENA                    Index No.
RAGHURAI,

                                                  **SUMMONS**

                    Plaintiffs,

          -against-

ALVIN RAGHURAI, ANNE RAGHURAI, and
TAYLORED STAFFING INC.,

                              Defendants.
------------------------------------------------------------------x

TO THE ABOVE-NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and
to serve a copy of your answer, or if the complaint is not served with this summons,
to serve a notice of appearance, on the plaintiff's attorney(s) within twenty (20) days
after service of this summons, exclusive of the date of service (or within thirty [30]
days after service is complete if this summons is not personally delivered to you
within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the
complaint.

Date: August 10, 2023

                              LAW OFFICE OF MATTHEW F. DIDORA, P.C.

                              By: _____
                              Matthew F. Didora
                              377 Oak Street, Suite 203
                              Garden City, New York 11530
                              (516) 414-0333
                              mdidora@didoralaw.com

                              *Attorney for Plaintiffs*

                                    1

Case 2:23-cv-06150-EK-ARL Document 1-1 Filed 08/15/23 Page 3 of 14 PageID #: 8

INDEX NO. 612747/2023
RECEIVED NYSCEF: 08/10/2023

Mr. Alvin Raghurai
48 Bethune Blvd.
Scarborough, Toronto, Ontario
Canada M1M3C1

Ms. Anne Raghurai
3 Guildcrest Drive
Scarborough, Toronto, Ontario
Canada M1E1E2

Taylored Staffing Inc.
48 Bethune Blvd.
Scarborough, Toronto, Ontario
Canada M1M3C1

2

Case 2:23-cv-06150-EK-ARL Document 1-1 Filed 08/15/23 Page 4 of 14 PageID #: 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------x
ATD TECHNOLOGY LLC and MERZENA                          Index No.
RAGHURAI,
                                                        **COMPLAINT**

                          Plaintiffs,

                 -against-

ALVIN RAGHURAI, ANNE RAGHURAI, and
TAYLORED STAFFING INC.,

                          Defendants.
------------------------------------------------------------------x

Plaintiffs, ATD Technology LLC and Merzena Raghurai, by their counsel,

Law Office of Matthew F. Didora, P.C., as and for their complaint against

defendants, Alvin Raghurai, Anne Raghurai, and Taylored Staffing Inc., allege the

following:

## Nature of Action

1.      This is an action for injunctive relief and money damages arising from

defendants' unlawful and unjustified exercise of dominion and control over ATD's

assets essential to its ongoing operations.

2.      Defendants are former officers and consultants of ATD.  Since

terminating their relationship with the company, defendants have acted in concert

to retain control over ATD's domain name and email accounts and deprive ATD of

the use of these assets unless ATD pays them unjustified and unearned payments.

3.      ATD has demanded that defendants return the company's property,

but they have refused.

1

4.      Defendant Alvin Raghurai has even threatened to exploit his unlawful control of ATD's assets to make the company's "ability to operate . . . a lot more difficult."

5.      Plaintiffs also seek a declaration that defendants Anne Raghurai and Alvin Raghurai are not entitled to share in ATD's profits.  Defendants have claimed to be parties to an oral or written agreement that entitles each of them to a one-third share of ATD's profits.

6.      ATD's operating agreement dated May 25, 2012, states that profits are to be split by the members, and the only member of ATD is plaintiff Merzena Raghurai.  Furthermore, Merzena denies that she ever agreed to give Anne and Alvin each a one-third interest in ATD's profits.

7.      Plaintiffs are entitled to judgment directing the defendants to return administrative control of ATD's domain name to ATD, awarding money damages for losses sustained by ATD as a result of defendants' improper control over ATD's assets and declaring that Anne and Alvin are not entitled to share in ATD's profits.

### Parties and Venue

8.      Plaintiff ATD is a duly organized domestic limited liability company.

9.      Plaintiff Merzena Raghurai ("Merzena") is an individual residing in the State of New York and is the president and sole member of ATD.

10.     Defendant Alvin Raghurai ("Alvin") is an individual residing in Canada.

11.     Defendant Anne Raghurai ("Anne") is an individual residing in Canada.

2

Case 2:23-cv-06150-EK-ARL    Document 1-1    Filed 08/15/23    Page 6 of 14 PageID #: 11

12.     Alvin and Anne are siblings and Merzena's brother and sister-in-law.

13.     Upon information and belief, defendant Taylored Staffing Inc. is a foreign corporation that is owned in whole or in part by defendant Alvin.  Upon information and belief, Alvin acted as a consultant to ATD through Taylored Staffing.

## Facts

14.     ATD is a certified minority and woman-owned small diverse and small business offering a wide range of recruiting services to employers primarily in the information technology and healthcare markets.

15.     ATD holds certifications from the New York and New Jersey Minority Supplier Development Council, NYC Department of Small Business Services, Pennsylvania Department of General Services, and the Women's Business Enterprise National Council.

16.     ATD's clients include blue-chip companies ranked in the top 15 of the Fortune 500 list.

17.     Merzena formed ATD in May 2012.

18.     Merzena is the sole member of ATD and serves as ATD's president.

19.     Merzena's husband, Ryon, is ATD's managing partner.

20.     ATD's affairs are governed by a written operating agreement dated May 25, 2012.

3

Case 2:23-cv-06150-EK-ARL    Document 1-1    Filed 08/15/23    Page 7 of 14 PageID #: 12

21.     ATD's operating agreement states that net profits and net losses are to be allocated among ATD's members in proportion to each member's capital interests.

22.     Merzena is the sole member identified in the operating agreement.

23.     Today, ATD employs approximately 100 individuals across the United States.

24.     Defendants Alvin and Anne are Ryon's brother and sister, respectively.

25.     Alvin registered ATD's domain name atdtechnology.com with GoDaddy at Merzena's request in or about October 2012.

26.     ATD uses this domain name for its website and email addresses, both of which are essential to ATD's continued operation.

27.     At all times, ATD has paid all fees associated with the atdtechnology.com domain registration.

28.     Alvin listed himself as the "administrator" of ATD's domain. As administrator, Alvin alone possesses the ability to manage the GoDaddy account and associated emails. For example, when ATD hires a new employee or consultant, which is common, only Alvin can create the email address for that new hire.

29.     Further, most changes to the domain and associated emails require Alvin's consent.

4

30.     Being named as administrator, however, does not confer any ownership rights, and Alvin was never meant to have any ownership rights over the atdtechnology.com domain name.

31.     Alvin and Anne began working for ATD in or about 2015: Alvin served as chief operating officer, and Anne served as bookkeeper through her company, Raghurai, Inc., a Canadian corporation.

32.     On April 6, 2023, Anne resigned her role as bookkeeper, "[e]ffective immediately," without any advanced notice to ATD.

33.     Concurrently with Anne's abrupt resignation, Alvin abandoned his role as chief operating officer.  While Alvin never provided notice that he was terminating his relationship with ATD, he has not performed any work for the company since on or about April 6, despite demand.

34.     ATD has requested that Alvin perform certain functions pertaining to the GoDaddy account after April 6.  For example, one of ATD's key recruiters had exceeded his email storage such that he could no longer send emails.  ATD asked Alvin on multiple occasions to upgrade the account, but Alvin initially refused.

35.     Instead, Alvin demanded an exorbitant payment from ATD and threatened to make Merzena's "ability to operate ATD . . . a lot more difficult" unless he received the payment.  This was no doubt a reference to the control he has over ATD's domain and his ability to delete the website and cancel ATD's email accounts, among other things.

5

Case 2:23-cv-06150-EK-ARL   Document 1-1   Filed 08/15/23   Page 9 of 14 PageID #: 14

36.    More recently, upon information and belief, Alvin stopped paying the monthly subscription service fee to GoDaddy needed to maintain the domain name. Only after Alvin was challenged for doing so did he pay the arrearages and bring the account current.

37.    ATD has demanded that Alvin transfer the administration of ATD's domain name to Ryon, but Alvin has refused.

38.    There is no legitimate reason for Alvin to deprive ATD of access to its own domain name.

39.    Since terminating their relationship with ATD, Anne and Alvin have claimed to be parties to an agreement to split ATD's profits as follows: one-third to Anne, one-third to Alvin, and one-third to Merzena and Ryon.

40.    Merzena denies that she ever agreed to give Anne or Alvin one-third of ATD's profits.

41.    When Merzena denied Anne's and Alvin's alleged rights to share in ATD's profits, Anne and Alvin embarked on a public campaign to defame and besmirch Merzena's and Ryon's reputations, even stooping so low as to attack Merzena and Ryon to their own children.

42.    For example, Anne called Merzena a "gold digger spouse" on social media.

6



43.    Anne and Alvin's sister Melissa sent Merzena a series of unhinged text messages calling Merzena a "piece of shit" and promising to "fuck [Merzena] up" and put Merzena's "fucking head through a wall."

44.    Melissa is prepared to "fucking go to jail to hurt" to Ryon and Merzena.

7

Case 2:23-cv-06150-EK-ARL    Document 1-1    Filed 08/15/23    Page 11 of 14 PageID #: 16



Sunday 10:50 AM

If you ever see me in the street, make sure you cross it. I will put your fucking head through a wall. You and you husband are the scum b of the earth. I hope you die a painful death. I hope to see you in the future and I promise you......

Make sure you show your husband this..... I want to put a bat to his knees

I would fucking go to jail to hurt the two of you

Sunday 2:44 PM

Make sure when you are driving next time to wrap your car around a fucking pole you piece of shit!!!

The world would be a better place after that

45.     Judicial intervention is necessary to resolve the parties' existing

disputes.

8

Case 2:23-cv-06150-EK-ARL Document 1-1 Filed 08/15/23 Page 12 of 14 PageID #: 17

## AS AND FOR A FIRST CAUSE OF ACTION
### (Conversion against Alvin and Taylored Staffing)

46. Plaintiffs repeat and reallege each of the foregoing allegations as if fully set forth hereat.

47. ATD has a possessory right and interest to the domain name atdtechnology.com.

48. Defendants Alvin and Taylored Staffing have improperly exercised complete dominion over ATD's domain name and interfered with ATD's use and enjoyment of the domain in derogation of ATD's rights.

49. As a result, ATD has been damaged in an amount to be determined at trial.

50. In addition, ATD is entitled to an injunction directing defendants to transfer administrative control over the atdtechnology.com domain name to Ryon, Merzena and/or ATD.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty against Alvin)

51. Plaintiffs repeat and reallege each of the foregoing allegations as if fully set forth hereat.

52. In his capacity as chief operating officer, Alvin owes fiduciary duties of loyalty and good faith to ATD.

53. Those duties obligate Alvin to act in ATD's best interest and to refrain from self-dealing.

9

54.     Alvin has breached those duties by commandeering ATD's domain name, refusing to provide access to ATD unless Alvin receives an extortionist payment, refusing to perform upgrades to ATD's email necessary for ongoing business, and abandoning his responsibilities altogether, among other reasons.

55.     As a result of Alvin's breaches, ATD has been damaged in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
#### (Declaratory Judgment That No Profit Sharing Agreement Exists)

56.     Plaintiffs repeat and reallege each of the foregoing allegations as if fully set forth hereat.

57.     By letter dated August 4, 2023, Anne and Alvin stated the "we all agreed to split ATD's profits equally (one-third to Ryon and Merzena, one-third to Alvin, and one-third to Anne) and demanded confirmation from Ryon and Merzena on or before August 11, 2023 that such arrangement exists.

58.     Merzena, individually and as the sole member of ATD, denies that she ever agreed to amend ATD's operating agreement to split ATD's profits equally with non-members Anne and Alvin.

59.     An actual, justiciable controversy exists requiring the Court's intervention.

WHEREFORE, plaintiffs are entitled to a judgment against defendants as follows:

a.     On their first cause of action, directing defendants Alvin Raghurai and Taylored Staffing to transfer administrative control of the domain name

10

Case 2:23-cv-06150-EK-ARL   Document 1-1   Filed 08/15/23   Page 14 of 14 PageID #: 19

atdtechnology.com to Ryon Raghurai, Merzena Raghurai, and/or ATD and awarding money damages in an amount to be determined at trial;

b.      On their second cause of action, awarding money damages against defendants Alvin Raghurai in an amount to be determined at trial;

c.      On their third cause of action, declaring that defendants Anne Raghurai and Alvin Raghurai are not entitled to a one-third interest each of ATD's profits;

d.      On all causes of action, awarding plaintiffs such other and further relief as the Court deems just, proper and equitable.

Date: August 10, 2023

LAW OFFICE OF MATTHEW F. DIDORA, P.C.

By:_____

Matthew F. Didora
377 Oak Street, Suite 203
Garden City, New York 11530
(516) 414-0333
mdidora@didoralaw.com

*Attorney for Plaintiffs*

11