

LAW OFFICE OF
MATTHEW F. DIDORA, P.C.

October 19, 2023

By ECF

Hon. Arlene R. Lindsay
United States Magistrate Judge
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

    Re:   *ATD Technology LLC v. Raghurai*
           Docket No. 23-cv-06150 (EK)(ARL)

Dear Magistrate Judge Lindsay:

    We represent plaintiffs, ATD Technology LLC and Merzena Raghurai, and additional counterclaim defendant, Ryon Raghurai (collectively, the "ATD Parties"), and write in opposition to defendants' motion for an order compelling the ATD Parties to supplement their timely served Rule 26 disclosures.

    Plaintiff Merzena Raghurai formed ATD Technology in 2012 as a certified minority, woman-owned small business that offers staffing services to the healthcare and information technology fields. Merzena is and has always been the sole member of the company. In 2012, defendant Alvin Raghurai, Merzena's brother-in-law, registered the domain name atdtechnology.com for ATD at Merzena's request. Since that time, ATD has used that domain for its website and email accounts.

    Alvin voluntarily resigned from ATD in April 2023. ATD learned that Alvin named himself as the administrator for ATD's domain and opted to require a two-step authentication process for all changes affecting the domain and listed his own cell phone number as the contact for the authentication. Upon Alvin's resignation,

Hon. Arlene R. Lindsay
*ATD Technology LLC v. Raghurai*
October 19, 2023
Page 2

ATD demanded that Alvin turn over administrative control of the ATD domain to the company. He refused. As a result, all changes that ATD needs to make to its website and email accounts must go through Alvin, even though he is no longer affiliated with the company. As a staffing company, ATD is literally in the business of hiring employees, yet the company cannot assign new email accounts to those employees or update its website without the input of an outsider. Unfortunately, Alvin is not quick to respond to ATD's requests for access to its own domain. This has cost ATD many hours of lost productivity from its employees having to chase Alvin down and not having active ATD email accounts because of Alvin's unjustified squatting on ATD's domain. Putting a precise dollar figure on that lost productivity, which increases regularly, has proven time consuming and cumbersome.

Defendants' suggestion that they cannot assess settlement or prepare for the upcoming scheduling conference without a mathematically precise damages figure is nothing more than hyperbole. The parties were previously scheduled to mediate their disputes, but the mediation was cancelled after defendant Anne announced her intention to raise with the mediator certain personal issues pertaining to Merzena's father that are wholly unrelated to ATD and Anne's sister, Melissa, sent text messages threatening to put Merzena's "fucking head through a wall" and to "put a bat to [Ryon's] knees" and promising to "fucking go to jail to hurt" Merzena and Ryon. Merzena and Ryon did not feel comfortable attending a mediation where Melissa might appear and carry out her threats. But defendants were willing – in fact were eager – to mediate even though they did not have a precise damages calculation from ATD. Defendants' claim that they cannot now assess the settlement value of the case simply lacks credibility.

Defendants' alternative argument that Alvin administers other domains through his GoDaddy account and therefore cannot provide ATD with unfettered access to that account is a red herring. ATD has never requested unfettered access to Alvin's GoDaddy account nor is such access necessary to give ATD administrative control of the domain to the company. Alvin can very easily release the ATD domain to a third party, thereby freeing it from his GoDaddy account, but he refuses to do so.

Defendants' claim that Alvin must retain control of the domain due to fears of spoliation are utterly baseless. Notably, defendants do not identify a single document that Merzena spoliated. Not one. Merzena has specifically denied defendants' allegation that she attempted to (but apparently did not) delete over 400 files from a Dropbox account. Moreover, Dropbox is a file-sharing account that allows multiple individuals to access the same set of documents. Removing a

Hon. Arlene R. Lindsay
*ATD Technology LLC v. Raghurai*
October 19, 2023
Page 3

document from Dropbox does not mean the document has been spoliated or is no longer available. It simply means the document is no longer shared. ATD has preserved all relevant records, and they are available to be produced in response to defendants' document requests.

Had Alvin complied with ATD's demand for administrative control of its own domain, the issue of damages would never have been an issue. We are only in this position because Alvin has unjustifiably continued to retain control over ATD's domain name. If Alvin turns over administrative control of the atdtechnology.com domain to ATD by November 1, ATD will discontinue its first and second causes of action, including its demand for money damages, thereby mooting defendants' motion and objections to paragraph 3 of the ATD Parties' initial disclosures. If defendants refuse this compromise, the ATD Parties request that the Court deny defendants' motion.

Respectfully submitted,

Matthew F. Didora
FOR THE FIRM

cc:   All parties (by ECF)