

## LAW OFFICE OF
## MATTHEW F. DIDORA, P.C.

January 8, 2024

By ECF

Honorable Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *ATD Technology LLC v. Raghurai*
                23-cv-06150 (EK)(ARL)

Dear Judge Komitee:

      We represent plaintiffs, ATD Technology LLC and Merzena Raghurai, and additional counterclaim defendant, Ryon Raghurai (collectively, the "ATD Parties"), and write in accordance with Rule III(B) of Your Honor's individual rules and practices to respectfully request a pre-motion conference in anticipation of the ATD Parties' motion to dismiss defendants' first, second, third, fourth and fifth counterclaims.

*Background*

      ATD is a certified M/WBE New York limited liability company that was formed in 2012. Merzena is identified as the sole organizer of ATD on the company's articles of organization filed with the New York Secretary of State, and Merzena is the sole member identified in the company's operating agreement. Defendants Anne and Alvin Raghurai are Merzena's sister- and brother-in-law and are citizens of and reside in Canada. Both provided services for ATD until April 2023.

      Anne and Alvin claim that they are parties to an oral profit-sharing agreement with Ryon and Merzena pursuant to which they "all agreed to split ATD's profits three ways: one third to Anne, one third to Alvin, and one third to Ryon and Merzena." (Counterclaims, ¶¶ 40-41)

      Anne further alleges that she provided a series of loans to ATD totaling $460,000 between February 15, 2015, and December 15, 2020, which, she claims, are repayable on demand but in no event later than 10 years. (Counterclaims, ¶¶ 118-126)

Hon. Eric Komitee
January 8, 2024
Page 2

Defendants' first, second and third counterclaims arise out of the alleged oral profit-sharing agreement. Defendants' first counterclaim seeks a declaration that an enforceable agreement exists to split ATD's profits one third each to Anne, Alvin and Ryon/Merzena and that the ATD Parties have an ongoing obligation to split profits three ways. The second counterclaim seeks money damages resulting from the ATD Parties' alleged failure to share profits. The third counterclaim alleges that the ATD Parties should be estopped from denying the existence of the oral profit-sharing agreement. Defendants' fourth and fifth counterclaims alleging breach of contract and promissory estoppel seek to recover the full amounts of Anne's loans to ATD.

Defendants' first and second counterclaims must be dismissed because defendants have not plead all the requisite elements of a breach of contract cause of action, and even if they did, the oral agreement is barred by the statute of frauds. Defendants' third counterclaim must be dismissed because they have not alleged that applying the statute of frauds would yield an unconscionable outcome. Defendants' fourth and fifth counterclaims must be dismissed because the loans are evidenced by written promissory notes defining the loans as term loans rather than demand loans, and the loans have not yet matured.

<u>Defendants Have Not Properly Alleged the Existence of a Oral Agreement</u>

A party asserting a breach of contract cause of action must allege the existence of a valid contract between the parties, including the existence of consideration and mutual assent. *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393 (2d Cir. 2004). Defendants have failed to do so. Anne and Alvin have not alleged that they gave anything of value in exchange for the ATD Parties' alleged promise to share ATD's profits equally. Anne cannot claim that the $460,000 that she gave to ATD constituted capital contributions because she has expressly characterized that money as loans, and she is simultaneously seeking repayment of those loans. Nor can she argue that the bookkeeping services her company provided to ATD constitute her consideration, as she is independently seeking to be paid for that time in a related action.[1]

Moreover, there was never a meeting of the minds on the terms of the alleged profit-sharing agreement. Although Anne and Alvin claim that the oral profit-sharing agreement existed since 2012 (Counterclaims, ¶¶ 90, 97), Anne prepared two draft agreements that show otherwise. The first one she prepared in October 2022 is titled "Future Ownership Agreement" and purports to reflect the terms of an agreement reached in December 2013 pursuant to which all profits would be allocated to Merzena after consulting fees were paid to Alvin equal to one-half of the profits for 10 years, after which Anne and Alvin would each be entitled to one third of the profits from operations, with the remainder going to Merzena. That draft was never signed, and three months later, Anne drafted a second document titled "Management and Operating Agreement" that also purports to reflect an agreement reached in December 2013 but which is substantially different from the October draft. Anne's January 2023 draft states that profits are to be split one-third each to Anne and Alvin and 16.67% each to Ryon and Merzena and that the

---

[1] That case is titled *Raghurai Inc. v. ATD Technology LLC*, 23-cv-6517(EK)(ARL), and has been consolidated with this case for discovery.

parties will pursue a sale of ATD only upon achieving a $30 million valuation. This draft was also not signed. In the counterclaims, Anne has advanced a third theory of the so-called profit-sharing agreement. These competing versions, replete with differing terms, demonstrates that there was never a meeting of the minds essential for the formation of a valid, binding contract.

### The Oral Agreement is Barred by the Statute of Frauds

But even if the Court were to conclude that a valid oral agreement was reached, the statute of frauds bars its enforcement. NY Gen. Obligations Law 5-701(a)(1) requires that all agreements that cannot be performed within one year must be in writing. Courts consistently have held that agreements of an indefinite duration, such as the one alleged by defendants, are considered incapable of being performed within one year. *See, e.g. Grayson v. Ressler & Ressler*, 271 F. Supp.3d 501, 521 (SDNY 2017); *In re Bayou Hedge Fund Litigation*, 534 F. Supp.2d 405, 419 (SDNY 2007) *aff'd* 573 F.3d 98 (2d Cir. 2009). More specifically, the Second Circuit noted in a summary order that an agreement to share annual profits by its nature cannot be performed in one year. *Morgenweck v. Vision Cap. Advisors, LLC*, 410 Fed. Appx. 400, 402 (2d Cir. 2011); *see Boschan v. Steinmetz*, 19-cv-6841, 2020 WL 2475848, *3 (SDNY May 13, 2020).

Defendants' third counterclaim alleging promissory estoppel must be dismissed because defendants have not alleged that applying the statute of frauds would be unconscionable. *Hong v. KBS America, Inc.*, 951 F. Supp.2d 402, 427 (EDNY 2013).

### Defendants' Fourth and Fifth Counterclaims Are Barred by the Written Promissory Notes

In the fourth and fifth counterclaims, Anne seeks to recover the full amount of her loans to ATD. However, those loans are reflected in executed promissory notes prepared by Anne's office which specify that the principal is due upon the receipt of funds from the sale of ATD's accounts receivables or 10 years from the date of the loan. Defendants do not allege that ATD ever sold its accounts receivable, so none of the loans are currently due, requiring the dismissal of the fourth counterclaim. The fifth counterclaim alleging promissory estoppel should be dismissed because a valid contract exists between Anne and ATD governing the loans.

Respectfully submitted,

Matthew F. Didora
FOR THE FIRM

cc:   All parties (by ECF)