

LAW OFFICE OF
MATTHEW F. DIDORA, P.C.

January 8, 2024

By ECF

Honorable Arlene R. Lindsay
United States Magistrate Judge
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

   Re: *ATD Technology LLC v. Raghurai*
      Docket No. 23-cv-06150 (EK)(ARL) (the "ATD Case")

      *Raghurai, Inc. v. ATD Technology LLC*
      Docket No. 23-cv-06157 (EK)(ARL) (the "Raghurai Case")

Dear Magistrate Lindsay:

  We represent plaintiffs, ATD Technology LLC ("ATD") and Merzena Raghurai ("Merzena"), and additional counterclaim defendant, Ryon Raghurai ("Ryon"), in the ATD Case and defendant, ATD, in the Raghurai Case (ATD, Merzena and Ryon are collectively referred to as the "ATD Parties") and write in opposition to Anne and Alvin Raghurai, Taylored Staffing Inc. and Raghurai, Inc.'s January 5, 2023, request for the entry of an ESI protocol containing overly broad search terms.

  First, opposing counsel has failed to properly meet and confer as required by this Court's rules. I was largely out of the office between December 22 and January 1 – a well-recognized and respected holiday period – including several days when I was out of state traveling with my family (which I had previously advised counsel of during a telephone call). In response to counsel's January 4 demand that I schedule a meet and confer the following day, I responded that I was occupied on January 5

Hon. Arlene R. Lindsay
January 8, 2024
Page 2

but would be available the following business day on January 8. Rather than schedule a time to confer on January 8, counsel was silent and waited until the night of January 5 to file his instant letter motion.

Second, contrary to counsel's pessimistic assessment that a meet and confer would be unproductive, counsel and I have had multiple such conferences over the last several weeks and successfully resolved many discovery issues. There is no reason to think we could not also have reached an agreement on the ESI protocol and search terms.

Third, during prior meet and confers, I advised counsel that the search terms he proposed were far too broad and would result in overcollection. When I spoke with counsel on December 13 about various discovery-related issues, including the ESI search terms, he agreed that many of his terms were overbroad and represented that he would work to narrow his list further. As we hit the holidays in late December, I had every expectation we would work to resolve these issues early in January.

Finally, earlier today, the ATD Parties filed a request for a pre-motion conference in anticipation of moving to dismiss Anne and Alvin's counterclaims relating to an alleged profit-sharing agreement and recovery of loans Anne made to ATD that were asserted in their answer to amended complaint and counterclaims filed on January 2. The overwhelming majority of the proposed ESI search terms relate to these counterclaims. I consented to counsel's request to extend his deadline to respond to this letter to January 19 due to counsel's engagement in a jury trial this week. If the ATD Parties' motion is granted, the scope of discovery will be substantially reduced. We therefore request that the Court table further consideration of the ESI protocol pending the ATD Parties' request for a pre-motion conference at the earliest. However, in the event the Court wants to continue forward with discovery, we remain willing to meet and confer with opposing counsel to reach a resolution on search terms and other ESI-related issues.

Respectfully submitted,

Matthew F. Didora
FOR THE FIRM

cc:   All parties (by ECF)