# LUPKIN PLLC

80 Broad Street, Suite 3103
New York, NY 10004

———

Tel: (646) 367-2771
Fax: (646) 219-4870
www.lupkinpllc.com

May 23, 2024

**VIA EMAIL**

Hon. Arlene R. Lindsay
United States Magistrate Judge
United States District Court for the
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

> Re: *ATD Technology LLC et al. v. Raghurai et al.*,
> Case No. 2:23-cv-6150-EK-ARL

Dear Judge Lindsay:

This firm represents the defendants and counterclaimants in the above-referenced case (Anne Raghurai, Alvin Raghurai, and Taylored Staffing, Inc. — collectively, the "Raghurai Parties"). We write pursuant to Rule 2.A of Your Honor's Individual Practices and Local Rule 37.3 to respectfully request an order directing the plaintiffs and counterclaim defendants (Ryon Raghurai, Merzena Raghurai, and ATD Technology, LLC — collectively, the "ATD Parties") to produce, by May 31, 2024:

(a) responsive documents from each of the sources the "So Ordered" ESI protocol requires the ATD Parties to search;

(b) responsive documents from Merzena Raghurai's previously undisclosed email account (merzenab@hotmail.com); and

(c) Schedule Cs from Ryon and Merzena Raghurai's joint tax returns (January 1, 2011-present).

As further detailed below, I attempted for two weeks to meet and confer on these issues but could not get counsel for the ATD Parties to do so.

On May 3, 2024 — the last day for substantial completion of document productions — the ATD Parties dumped 255,221 documents on the Raghurai Parties. As large as that production is, however, it is woefully incomplete. The ATD Parties produced only emails from their atdtechnology.com email accounts — just three of the 19 sources the ATD Parties are required to search under the "So Ordered" ESI Protocol. *See* Ex. A at 16-17. Given the size of their production, they appear to have produced *all* their emails, rather than taken reasonable steps to limit their production to responsive documents.

On May 9, 2024, I asked the ATD Parties (1) whether they had narrowed their production using search terms, (2) when they intend to complete their production, (3) to search for responsive ESI in an email account they had not previously disclosed, and (4) to produce Schedule Cs from Merzena Raghurai's tax returns. *See* Ex. B. Counsel for the ATD Parties stated that he would "respond shortly" — but didn't. Ex. C. When I followed up after a week, counsel ignored that email. *Id.* After twelve days, I stated that if I did not receive a substantive response by the end of the day, I would seek relief from the Court. *Id.* Counsel responded by saying that he would respond "by the end of the week" — *i.e.*, more than two weeks after I sent the initial letter. *Id.*

This is the ATD Parties' *modus operandi*. Counsel invariably needs more time, or needs to speak to his client, or is unavailable, or simply ignores correspondence — and the meet and confer process is delayed for weeks or months. *See, e.g.*, Exs. D & E. The ATD Parties have repeatedly shown that Court intervention is necessary to progress the case — for example, when the Court ordered the ATD Parties to serve Rule 26(a)(1)(iii) disclosures (ECF Doc. No. 26), or when it ordered the parties to meet and confer regarding the ESI Protocol after the ATD Parties refused to meet and confer for months. (ECF Doc. No. 39).

Concerned that the ATD Parties were again going to drag the process out, I asked counsel to meet and confer telephonically, or respond substantively to the questions in my letter, by close of business on May 22, 2024. *Id.* Counsel did neither; he simply repeated that he would respond by the end of the week. Counsel gave no explanation as to why he would not meet and confer in person, or why he needed two weeks to formulate a written response to yes-or-no questions.

**ESI Production** – The "So Ordered" ESI Protocol requires the ATD Parties to search for and produce documents from 19 sources. Having produced documents

from only three of those sources, the ATD Parties are — at best — dragging their feet or — at worst — willfully defying this Court's order. Either way, we ask the Court to order the ATD Parties to produce all responsive documents from every source identified in the ESI Protocol by May 31, 2024.

**Undisclosed email account –** When the parties met and conferred regarding ESI sources, the ATD Parties agreed to search Merzena Raghurai's personal emails but did not disclose that she had an email account associated with the email address merzenab@hotmail.com. We therefore ask the Court to order the ATD Parties to search that account and produce any responsive documents therein.

**Schedule Cs –** The central issue in this case is whether and to what extent Alvin and Anne Raghurai are entitled to a share of ATD's profits. The Raghurai Parties believe that ATD's tax filings will show that the ATD Parties told the IRS that half of ATD's profits were paid to Alvin's company, thus avoiding taxes on those profits even though most of that money was never paid to Alvin's company. ATD apparently did not file tax returns; rather, its income and profits were reported on Schedule C to Ryon and Merzena's joint tax returns. Those Schedule Cs are the only evidence of which the Raghurai Parties are aware that the ATD Parties (a) lied to the IRS (which directly supports the Raghurai Parties' unjust enrichment claim) and (b) treated half of ATD's profits as belonging to Alvin (which directly supports the Raghurai Parties' contention that there was a profit-sharing arrangement). Tax returns are discoverable where, as here, the returns are relevant to the subject matter of the action, and the information therein is not otherwise readily available. *SEC v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985). Moreover, the Raghurai Parties are not seeking production of entire returns; rather, they seek only what is necessary to discover what Merzena and Ryon Raghurai told the IRS about ATD's profits under penalty of perjury.

For these reasons, we ask the Court to grant the relief set forth on the first page of this letter.

Respectfully,

Michael B. Smith